ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 8 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| HERMILA MORFIN, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-814-P |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Plaintiff Hermila Morfin ("Morfin") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability and disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). Morfin protectively filed her applications in August 2017, alleging that her disability began on January 31, 2017. (Transcript ("Tr.") 17; *see* Tr. 208-22.) After her applications were denied initially and on reconsideration, Morfin requested a hearing before an administrative law judge ("ALJ"). (Tr. 17; *see* Tr. 61-136.) The ALJ held a hearing on July 30, 2019 and issued a decision on August 28, 2019 denying Morfin's applications

for benefits. (Tr. 11-60.) On June 8, 2020, the Appeals Council denied Morfin's request for review, leaving the ALJ's August 28, 2019 decision as the final decision of the Commissioner. (Tr. 1-4.) Morfin subsequently filed this civil action seeking review of the ALJ's decision.

## II. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). First, the claimant must not be presently working at any substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i). "Substantial gainful activity" is defined as work activity involving the use of significant and productive physical or mental abilities for pay or profit. *See id.* §§ 404.1510, 416.910. Second, the claimant must have an impairment or combination of impairments that is severe. *Id.* §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"). 20 C.F.R. Pt. 404 Subpt. P, App. 1; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d).[1] Fourth, if disability cannot be found

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity to determine the most the claimant is able to do notwithstanding her physical and mental

2

based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experiences. *Id.* §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.* If the Commissioner meets his burden, it is up to the claimant to then show that he cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards, and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if *no* credible evidentiary choices or medical findings support the decision. *Id.* (emphasis added). An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so

---

limitations. 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e). The claimant's RFC is used at both the fourth and fifth steps of the five-step analysis. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work. *Id.* §§ 404.1520(a)(4)(iv) 416.920(a)(4)(iv). At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009). This Court may neither reweigh the evidence in the record, nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.  ISSUE

In her brief, Morfin presents the following issue: Whether the ALJ erred in finding at Step Four that Morfin could perform her past relevant work as a production assembler. (Plaintiff's Brief ("Pl.'s Br.") at 1, 4-8.)

### IV.  ALJ DECISION

In his August 28, 2019 decision, the ALJ found that Morfin had not engaged in any substantial gainful activity since January 31, 2017, her alleged onset date of disability, and that she met the disability insured status requirements of the SSA through June 30, 2021. (Tr. 12.) At Step Two, the ALJ found that Morfin suffered from the following "severe" impairments: degenerative disc disease of the thoracic and cervical spine and lumbar spondylosis. (Tr. 19.) At Step Three, the ALJ found that Morfin did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 21.)

As to Morfin's RFC, the ALJ stated, "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)." (Tr. 22 (emphasis omitted).) Based upon this RFC assessment, the ALJ concluded that Morfin was able to perform her past relevant work as a production assembler. (Tr. 25.) Consequently, the ALJ found that Morfin was not disabled. (Tr. 25.)

## V.   DISCUSSION

In her brief, Morfin argues that the ALJ erred in finding at Step Four that Morfin was capable of performing her past relevant work as a production assembler. (Pl.'s Br. at 1, 4-8.) Morfin, citing to Social Security Ruling ("SSR") 82-61, *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1372 (W.D. Tex. 1993),[2] and several out-of-circuit appellate and district court cases, claims that the ALJ erred by classifying Morfin's past work as a production assembler in the Dictionary of Occupational Titles ("DOT") at the light exertional level instead of as a "composite job," which would have required medium exertion and meant Morfin was unable to perform the job. (Pl.'s Br. at 8.) Specifically, Morfin states:

> The ALJ has not disputed the Plaintiff's description of her past relevant work. As noted above, the Plaintiff described her past relevant work as involving duties of the assembly of medical equipment, such as orthopedic boots and hand braces, as well as packaging boxes, including boxes of foam roles [sic] (Tr. 307, 309). She reported that this job involved lifting of 40 to 50 pounds (Tr. 307).
>
> The [Vocational Expert ("VE")] identified this job as a production assembler, identified by the DOT as light in exertion and unskilled (Tr. 42). The ALJ relied upon this job to find that the Plaintiff can return to her past relevant work. The Plaintiff respectfully submits that the VE was wrong.
>
> . . . .
>
> As noted above, the VE [at the hearing before the ALJ] entertained the possibility that the job which she described as a production assembler may be a composite job, as the Plaintiff was assembling things as well as packaging things. However, she claimed that, in order to be a composite job, one must be performing both of the distinct jobs at least 50% of the day (a mathematical impossibility) because the individual needs to be doing equal parts of each job to qualify as a composite job (Tr. 57). But the above-cited ruling [SSR 82-61] does not define "significant elements" as equal parts of each job. Accordingly, the VE's definition of a "composite" job is inconsistent with the definition used by the Commissioner.

---

[2] In *Armstrong*, the district court found that the ALJ erred by separating Plaintiff's composite job of cook and cashier and finding that she could perform the less demanding job of a cashier.

> The Plaintiff submits that the Commissioner's definition must control in this instance.
>
> Courts have found that in evaluating a composite job, the individual must be able to perform all of the duties of the job, not just the least demanding function. . . .
>
> . . . .
>
> The second issue is whether the Plaintiff could have performed the job of production assembler "as generally performed." But the Commissioner has specifically indicated that a composite job has no counterpart in the DOT. Accordingly, it is error to find that the Plaintiff could have performed a lesser job, as generally performed.

(Pl.'s Br. at 5-7.)

The claimant has the initial burden at Step 4 to establish that she cannot perform her past relevant work. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) ("The burden of proof lies with the claimant to prove disability under the first four parts of the inquiry."). When determining whether or not a claimant retains the RFC to perform her past relevant work, the ALJ can look to either: (1) the job duties peculiar to an individual job as the claimant actually performed it, or (2) the functional demands and job duties of the occupation as generally required by employees throughout the national economy. SSR 82–61, 1982 WL 31387, at *1–2 (S.S.A. 1982); *Leggett*, 67 F.3d at 565. SSR 82–62 requires that, where the ALJ has determined that a claimant retains the RFC to perform a past relevant job, the decision must contain the following specific findings: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the individual's RFC would permit a return to the individual's past job or occupation. SSR 82–62, 1982 WL 31386, at *4 (S.S.A. 1982).

> As to composite jobs, SSR 82–61 states, in part:
>
> [C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

SSR 82–61, 1982 WL 31387, at *2. An ALJ may consult a VE at Step 4 to determine the proper characterization of the claimant's past work, and whether she can return to that past work as she actually performed it or whether she can perform the work as it is generally performed in the national economy. *Semien v. Colvin,* No. 12–02179, 2013 WL 3778984, at *6 (W.D. La. July 17, 2013) ("Although a vocational expert is not required to make a step 4 determination, an ALJ may utilize such expert testimony.")

During the hearing before the ALJ, the VE, after listening to extensive testimony of Morfin describing in detail her past jobs (Tr. 39-55), testified that Morfin could perform her past relevant work as a production assembler (assembling medical equipment), as described in section 706.687-010 of the DOT. (Tr. 58.) After comprehensive questioning from Morfin's attorney regarding whether her past job assembling medical equipment should be classified as a composite job because there were assembler and packing duties, the VE stated that she would not classify Morfin's job assembling and packing medical equipment as a composite job based on her interpretation of a composite job and her "preference" as a VE. (Tr. 55-60.)

The ALJ, relying on the testimony of the VE, found at Step 4 that Morfin was capable of performing her past relevant work as a production assembler, which under section 706.687-010 of DOT, is classified as light, unskilled work with an SVP of 2. (Tr. 25.) The ALJ further stated:

> This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR [§§] 404.1565 and 416.965).

> As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance, and was performed within the relevant period (Exs. 3E; 12E; Hearing Testimony).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The vocational expert testified that the claimant would be able to perform her past work, and in accordance with SSR 00-4p, the vocational expert's testimony is found to be credible and accepted based upon the vocational expert's extensive background and experience (Ex. 13E).

(Tr. 25 (emphasis omitted).)

Contrary to Morfin's arguments, the concept of "composite job" does not apply as the VE specifically found that Morfin's past relevant work assembling medical equipment was not a composite job. The VE, at the hearing before the ALJ, opined that Morfin's work was most similar to one specific position as a production assembler, despite engaging in occasional other duties, and the VE concluded that Morfin could do this job as generally and actually performed in the national economy given the job's exertional level and Morfin's RFC. *See* SSR 82-61; *Holland*, 2015 WL 5437727, at *13 ("Plaintiff has not shown that the ALJ improperly divided her past relevant job requirements and considered only the least demanding job in finding she could perform her past relevant work.") Because the ALJ properly relied on the VE's expert opinion at Step Four to find that Morfin was capable of performing her past relevant work as a production assembler, the ALJ did not err and remand is not required.

Moreover, even assuming that the ALJ misunderstood the concept of a "composite job" and should have considered Morfin's past relevant work as such, Morfin's reliance on cases stating that an individual must be able to perform all of the duties of a composite job, not just the least demanding function, is misplaced. *See Holland v. Colvin,* No. 3:14-cv-2964-K-BH, 2015 WL 5437727, at *12-13 (N.D. Tex. Aug. 31, 2015) (discussing lack of uniformity in interpretation of SSR 82-61 on issue of whether it is proper to segregate the different jobs of a composite job to

determine whether a claimant has the RFC to return to past relevant work doing one of those jobs and concluding that the Ninth Circuit case on which *Armstrong*, 814 F. Supp. at 1372, relies is contrary to Fifth Circuit law). "In the Fifth Circuit, a claimant's mere inability to perform certain 'requirements of his past job does not mean that he is unable to perform "past relevant work" as that phrase is used in the regulations,' and it is proper for an ALJ to segregate portions of a former job in determining whether a claimant can perform past relevant work as generally performed." *Vanhuss v. Berryhill*, 3:17-CV-1327-M-BN, 2018 WL 2335467, at *5 (N.D. Tex. Apr. 25, 2018), report and recommendation adopted, 3:17-CV-1327-M-BN, 2018 WL 2329310 (N.D. Tex. May 23, 2018) (citing *Leggett*, 67 F.3d at 564 (quoting *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987)). Thus, even assuming the ALJ should have considered Morfin's past relevant work assembling medical equipment as a composite job, the ALJ did not err in finding Morfin could return to her past relevant employment as a production assembler even if Morfin could not perform other aspects of the alleged composite job. *See Holland*, 2015 WL 5437727, at *13.[3]

## RECOMMENDATION

It is recommended that the Commissioner's decision be **AFFIRMED**.

---

[3] *See also Behne v. Colvin*, No. 2:13-cv-086, 2014 WL 4802451, at *4-5 (N.D. Tex. Sept. 26, 2014) (finding the ALJ did not err in finding Plaintiff capable of performing past relevant work as an administrative assistant where she was performing a job as both an administrator and a bartender); *Semien*, 2013 WL 3778984, at *6 (holding the ALJ did not err in finding Plaintiff could perform past relevant work as a receptionist as it is generally performed in the national economy where the past job was composed of both receptionist and an inventory work clerk); *see also Davis v. Soc. Sec. Admin.*, No. 16-12332, 2017 WL 2859773, at *4 (E.D. La. Feb. 24, 2017) ("Even if the ALJ should have considered the job a composite job as argued by Davis, the ALJ was justified in consulting the vocational expert for the proper classification of Davis's job."). *But see Armstrong*, 814 F. Supp. at 1372 (finding the ALJ improperly divided the composite job of cook/cashier into two jobs and focused on the less demanding job of cashier); *Henry v. Colvin*, No. 14-1660, 2015 WL 3902731, at *3-5 (W.D. La. June 24, 2015) (finding an ALJ must analyze whether a claimant can perform each job within a composite job, and he may not deem a claimant capable of performing past relevant work by dividing the demands of the composite job into separate jobs and finding the claimant capable of performing the least demanding one); *Henson v. Colvin*, No. 12-3053, 2014 WL 1154275, at *4 (E.D. La. Mar. 14, 2014) ("An ALJ 'may not deem a claimant capable of performing past relevant work by dividing the demand of a composite job into separate jobs and finding him capable of performing the less demanding of the two jobs.'")

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 21, 2021** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be file within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED June 8, 2021.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE