# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| HERMILA MORFIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00814-P-BP |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Hermila Morfin's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* ECF No. 1. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations ("FCRs") pursuant to 28 U.S.C. § 636(b)(1)(B). On June 8, 2021, Judge Ray submitted findings and conclusions and recommended that the Court affirm the Commissioner's decision. *See* ECF No. 27. Morfin timely filed objections to the FCRs. ECF No. 28.

The Court reviewed the Magistrate Judge's FCRs and finds that Morfin's objection lacks merit. For the reasons set forth below, the Court **OVERRULES** Morfin's objections and **ADOPTS** and incorporates herein Magistrate Judge's FCRs. Accordingly, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action.

## BACKGROUND[1]

The Commissioner denied Morfin's claims on August 28, 2019. FCR at 4. Engaging in the requisite statutory analysis, the ALJ found that Morfin had not engaged in any substantial gainful activity since January 31, 2017, her alleged onset date of disability, and that she met the disability insured status requirements of the SSA through June 30, 2021. *Id.* At Step Two, the ALJ found that Morfin suffered from the following "severe" impairments: degenerative disc disease of the thoracic and cervical spine and lumbar spondylosis. *Id*. At Step Three, the ALJ found that Morfin did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. *Id*. As to Morfin's residual functional capacity ("RFC"), the ALJ stated, "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)." *Id.* Based upon this RFC assessment, the ALJ concluded that Morfin was able to perform her past relevant work as a production assembler. *Id.* Consequently, the ALJ found that Morfin was not disabled. *Id*.

United States Magistrate Judge Hal R. Ray, Jr. issued his FCRs on June 8, 2021, recommending that the District Court affirm the Commissioner's decision. *See* FCR.

---

[1] Since Morfin has not objected to the factual background in the "Statement of the Case" section of the FCRs, the Court adopts the Magistrate's rendition of the relevant facts and briefly summarizes them herein. *See Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *1 (W.D. Tex. Nov. 10, 2016).

Morfin timely filed her objections. *See* Objection. The FCRs and Objection are ripe for the Court's review.

## LEGAL STANDARD

The Court's review in this case is limited to determining whether the Commissioner's Factual Findings—as set forth in the decision of his designee, the ALJ—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). A finding of no substantial evidence is appropriate only if *no credible evidentiary choices or medical findings support the decision. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (emphasis added) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support

of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## ANALYSIS

Morfin contends that the Commissioner's decision, made by and through the ALJ, was unsupported by substantial evidence because the ALJ did not properly consider her RFC. *See generally*, Obj. The Court disagrees and consequently **OVERRULES** her objection.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file *specific* written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The entirety of Morfin's objection concerns itself with the ALJ's alleged failure to consider her RFC which consist of incorporating by reference pleadings Morfin filed before the Magistrate. *See e.g.*, Obj. at 2 ("But, as noted in Plaintiff's prior pleadings . . .

4

."). The FCRs spent four pages discussing precisely this issue. *See* FCR at 6–9. Morfin makes no specific objection to the FCRs beyond reiterating the exact arguments put before Judge Ray. Thus, *Douglass* mandates that Morfin's appeal is barred absent a finding of plain error. 79 F.3d 1417. The Court finds none and therefore Morfin's appeal is barred. *Id*. Thus, her Objection is **OVERRULED**.

## CONCLUSION

Following the Court's review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, Morfin's Objection is hereby **OVERRULED.** Judge Ray's recommendation is hereby **ADOPTED**, the Social Security Commissioner's final decision is **AFFIRMED**, and this action is **DISMISSED.**

**SO ORDERED** on this **7th day** of **July, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE